OPINION OF THE COURT
Allan L. Winick, J.
Defendant stands convicted of the crime, by his plea of guilty, of criminal possession of a weapon in the third degree, under subdivision (4) of section 265.02 of the Penal Law, a class D violent felony offense.
He had been convicted on a prior occasion of the crime of attempted burglary in the third degree, a class E felony.
Upon the filing of a prior felony offender statement, the defendant controverted and the court sustained the defendant and, after a hearing, found that he was not a prior felony offender.
The issue now arises as to the permissible sentence to be imposed upon the conviction for criminal possession of a weapon in the third degree.
Section 70.02 (subd 2, par [c]) of the Penal Law provides that the sentence imposed upon a person who stands convicted of the class D violent felony offense of criminal possession of a weapon in the third degree, as defined in subdivision (4) of section 265.02 of the Penal Law, must be *593 a jail sentence of no less than one year or an indeterminate term of imprisonment except that if he has not been previously convicted of a class A misdemeanor in the five years immediately preceding the commission of the offense and the court finds that having regard to the nature and circumstances of the crime and to the history and character of the defendant such punishment would be unduly harsh, then the court may impose any other sentence authorized by law.
What is the relationship, if any, between section 70.02 (subd 2, par [c]) of the Penal Law and the second felony offender statute, section 70.06 of the Penal Law?
There is no reference in section 70.02 (subd 2, par [c]) of the Penal Law to a disqualifying felony, only to a disqualifying class A misdemeanor. Apparently there was no need to mention a felony since if there was a prior felony conviction, imprisonment would be mandatory under section 70.06 of the Penal Law.
This defendant was convicted of a felony within the five years prior to the commission of this offense. If you take the language of section 70.02 (subd 2, par [c]) of the. Penal Law literally, under that section he, not having been convicted of a class A misdemeanor, is not disqualified from receiving a sentence other than mandatory imprisonment.
While this argument might seem specious, if defendant was going to be sentenced as a prior felony offender because of the prior felony conviction, this court has already determined that for the purposes of section 70.06 of the Penal Law this prior felony conviction cannot stand as a predicate felony.
Does this same determination now also apply to section 70.02 (subd 2, par [c]) of the Penal Law if we assume that the Legislature meant to include the word “felony” in defining disqualification?
The only clue we have that the Legislature might have been in error in not including a felony as disqualifying is found in the 1980 Supplementary Practice Commentaries to the Penal Law (Hechtman, McKinney’s Cons Laws of NY, Book 39,1983-1984 Pocket Part, Penal Law, § 70.02, p 151).
*594 Furthermore, if a felony conviction is a disqualifier, is a prior felony conviction which cannot stand under section 70.06 of the Penal Law still disqualify under section 70.02 (subd 2, par [c]) of the Penal Law?
My conclusion is that it cannot and, therefore, even if a felony is a disqualifier under section 70.02 (subd 2, par [c]) of the Penal Law, this prior felony conviction is not.
Since the court has determined that for sentencing purposes under section 70.02 (subd 2, par [c]) of the Penal Law the defendant has not within the five years preceding the commission of the crime of possession of a weapon in the third degree under subdivision (4) of section 265.02 of the Penal Law committed either a felony or a class A misdemeanor and that having due regard to the nature and circumstances of the crime and to the history and character of the defendant, it would be unduly harsh to impose a mandatory prison term,* the defendant is hereby sentenced to a term of probation for five years and he is also required to pay a $75 mandatory surcharge.

 The facts relating to the commission of this crime were put before the court at a full hearing conducted pursuant to a motion to dismiss under CPL 210.40 and to suppress physical evidence. No further hearing is required to determine the circumstances surrounding the commission of the crime or the history and character of the defendant.